Kevin P. McBride (*admitted pro hac vice*)
MCBRIDE LAW, PC
PO Box BB
Pasadena, CA  91107
(310) 714-1933

Paul R. Niehaus (PN-3994)
NIEHAUS LLP
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223
*Attorneys for Defendant McBride*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PELICAN EQUITY, LLC,

       Plaintiff,

vs.

ROBERT V. BRAZELL, STEPHEN L. NORRIS,
TALOS PARTNERS, LLC,
RAMA RAMACHANDRAN,
DARL McBRIDE AND BRYAN CAVE LLP,

       Defendants.
_____

09 Civ. 5927 (NRB)
ECF Case

**MEMORANDUM IN SUPPORT OF DARL McBRIDE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................................1

II. STATEMENT OF FACTS ...................................................................................2

III. ARGUMENT.........................................................................................................4

    A. The Alleged Defamatory Statements
       Do Not Support Long-Arm Jurisdiction ......................................................6

    B. The Alleged "Conspiracy" Does Not Support
       Long-Arm Jurisdiction.................................................................................9

    C. The Exercise of Jurisdiction over Mr. McBride
       Would be Improper under the Fourteenth Amendment.............................11

IV. CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Fairstar Resources, Ltd. v. American International Partners, LLC et al.*,
    Utah Third District Court, Case No. 080916464 ...................................................... 2

*First Chicago International v. United Exchange Co Ltd.*,
    836 F.2d 1375 (D.C. Cir. 1988) ..................................................................................... 9

*Grove Press, Inc. v. Angleton*,
    649 F.2d 121 (2d Cir. 1981) .......................................................................................... 9

*Hanson v. Denckla*,
    357 U.S. 235 (1958) .................................................................................................... 11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) .................................................................................................... 11

*In re: American Institutional Partners, LLC*,
    Bankruptcy Court, District of Utah, Case No. 09-25375 .............................................. 3

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310, 66 S. Ct. 154 (1945) ........................................................................ 4, 11

*Kernan v. Kurz-Hastings, Inc.*,
    175 F.3d 236 (2d Cir. 1999) .......................................................................................... 4

*Kronisch v. United States*,
    150 F.3d 112 (2d Cir. 1998) .......................................................................................... 4

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) ............................................................................................ 4

*SAS Group, Inc. v. Worldwide Inventions, Inc.*,
    245 F. Supp. 2d 543 (S.D.N.Y. 2003) ........................................................................... 4

*Second Amendment Foundation et al. v. United States Conference of Mayors et al.*,
    274 F.3d 521 (D.C. Cir. 2001) ...................................................................................... 9

**STATUTES**

NY CPLR § 301 .................................................................................................................1, 4

NY CPLR § 302 ................................................................................................................ *passim*

Defendant Darl McBride, by and through his attorneys, submits the following Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction:

## PRELIMINARY STATEMENT

The Court lacks personal jurisdiction over Darl McBride because Mr. McBride lacks the necessary minimum contacts with the State of New York, either generally under NY CPLR § 301, or for the specific purposes of this case under NY CPLR § 302. Mr. McBride is a resident of Utah. All of Mr. McBride's allegedly relevant conduct occurred in Utah. Mr. McBride has no business dealings in the State of New York and derives no income from the State of New York.

It is beyond reasonable dispute that Mr. McBride lacks minimum contacts for the exercise of general jurisdiction over him in the State of New York, and the First Amended Complaint does not even attempt to make this case. But the allegations in the First Amended Complaint also make clear that Mr. McBride lacks the necessary contacts with the State of New York for the exercise of specific jurisdiction in the instant case. The First Amended Complaint does not allege any acts by Mr. McBride within the State of New York. Instead, jurisdiction over Mr. McBride rests solely on allegations falling into two categories: (a) alleged internet-based defamation against Mark Robbins through the website skylinecowboy.com and Yahoo! Finance postings; and (b) alleged conspiracy with the other co-defendants. However, NY CPLR § 302 specifically *excludes* from the exercise of long-arm jurisdiction any claims based on alleged defamation. And NY CPLR § 302 does not extend to bare allegations of conspiracy, entirely unsupported by facts showing overt acts in furtherance of the alleged conspiracy committed by the non-resident *anywhere*, much less in the State of New York.

Therefore, all claims against Mr. McBride must be dismissed for lack of *in personam* jurisdiction.

## STATEMENT OF FACTS

Darl McBride is a citizen of the State of Utah. He was a citizen of the State of Utah for the entire time relevant to the allegations raised in the First Amended Complaint ("FAC"). (Darl McBride Declaration, ¶1.) Mr. McBride is personally acquainted with Mark Robbins, a non-party identified in the FAC. (D. McBride Decl. ¶2.) Mark Robbins was also a citizen of Utah during any and all contact that took place between him and Mr. McBride. (D. McBride Decl. ¶3.) Mr. McBride attended a meeting in American Institutional Partners, LLC's ("AIP") Salt Lake City offices during or about January 2009, which was also attended by (among others) Jeff Jones, legal counsel for Mark Robbins and AIP. The parties were waiting in the AIP conference room for Mark Robbins to join the meeting when four Salt Lake City police officers entered and announced they were there to execute an arrest warrant for Mark Robbins issued by Judge Sandra Peuler, Utah Third Judicial District Court Judge, in the case of *Fairstar Resources, Ltd. v. American International Partners, LLC et al.*, Utah Third District Court, Case No. 080916464. Because Robbins had not yet arrived at the meeting, he was not arrested. (D. McBride Decl. ¶4.)

Shortly after the arrest attempt by Salt Lake City Police officers, Robbins left the State of Utah and took up temporary lodging in a golf and spa resort, Pelican Hill Resort, located in Newport Beach, California. On information and belief Robbins does not lease, rent or purchase this property, but rather lodges under temporary arrangements typical of a resort-area guest. (D. McBride Decl. ¶5.) Because Robbins' stay at Pelican Hill Resort is characterized entirely by temporary lodging, he legally remains a citizen of the State of Utah.

2

AIP and its many affiliates and subsidiaries were domiciled in the State of Utah as of May 27, 2009, the date AIP filed for bankruptcy protection in the United States Bankruptcy Court, District of Utah (*In re: American Institutional Partners, LLC*, Bankruptcy Court, District of Utah, Case No. 09-25375) (Kevin McBride Declaration ¶4, Exhibit 3.) Mr. McBride is a bankruptcy creditor of AIP in its bankruptcy. (D. McBride Decl. ¶14.)

Darl McBride has had no business dealings or affiliations of any nature, at any time, with Pelican Equity, LLC. Until the filing of this lawsuit Mr. McBride had *never heard* of Pelican, Equity, LLC, in any context whatsoever. (D. McBride Decl. ¶6.) On information and belief, Pelican Equity, LLC was formed on or about March 27, 2009 for the purpose of taking assignment of alleged claims of AIP and Robbins and pursuing those claims against certain creditors of AIP and Robbins and other third parties, in a jurisdiction outside of Utah. (See, K. McBride Decl. ¶3, Exhibit 2). On information and belief, Mark Robbins is active in the ongoing business interests of Pelican Equity, LLC and holds an equitable interest in Pelican Equity, LLC. (K. McBride Decl. ¶2, Exhibit 1 at 31-31 and Exhibit 2.)

Mr. McBride has never been employed by or affiliated in any way with a company called Talos, or any other New York-based company related to Mark Robbins, Pelican Equity, LLC or any of the co-defendants. He has no agreement or expectation for sharing of profit with Talos, and never has had. (D. McBride Decl. ¶7.)

Darl McBride does not own, use or possess any property in the State of New York, and has never done so. (D. McBride Decl. ¶9.) Darl McBride does not regularly transact or solicit business in the State of New York, and has never done so. (D. McBride Decl. ¶10.) Darl McBride has never committed a tortious act within the State of New York. (D. McBride Decl. ¶11.) Darl McBride has never at any time met with any of the other defendants in the State of

3

New York with respect to any of the allegations of the Complaint. (D. McBride Decl. ¶8.) None of the conduct alleged against Mr. McBride in the First Amended Complaint occurred in the State of New York. (D. McBride Decl. ¶15.) Darl McBride does not derive revenue or income from the State of New York, and has never done so. (D. McBride Decl. ¶12.) Darl McBride has never created an Internet web site that was either located or hosted in the State of New York, or otherwise transacted business with anyone from the State of New York. (D. McBride Decl. ¶13.)

## ARGUMENT

### THIS COURT LACKS PERSONAL JURISDICTION OVER DARL McBRIDE

In determining whether they may exercise personal jurisdiction over a defendant, federal courts look to the substantive law of the state in which they sit. *Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir. 1998); *SAS Group, Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 547 (S.D.N.Y. 2003) *citing Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). If a federal court has jurisdiction based on state law, it must then determine whether asserting jurisdiction under the state law provision would be compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution. *See, Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S. Ct. 154 (1945). The plaintiff bears the burden of showing personal jurisdiction over a defendant. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

New York law permits jurisdiction over non-residents on the basis of "general jurisdiction" (governed by NY CPLR § 301) and "specific jurisdiction" (codified at NY CPLR § 302).

4

Darl McBride has had no minimum contacts with the State of New York as defined under either section.[1] Specifically, he does not meet any of the possible bases for specific jurisdiction under NY CPLR § 302, which states:

> (a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

(NY CPLR § 302.)

None of these statutory provisions supports a claim of *in personam* jurisdiction against Darl McBride. Mr. McBride is a resident of Utah. He has no business dealings or affiliations in the State of New York and has not contracted to supply goods within the State of New York. He does not hold, own or possess property in the State of New York. Other than to occasionally stay in one of New York's hotels, or eat at a restaurant or shop in a store, he does not transact

---

[1] The FAC does not even begin to allege the systematic, continuous contacts necessary to find that Mr. McBride was "doing business" in New York for purposes of general jurisdiction under CPLR § 301. For avoidance of doubt, Mr. McBride's Declaration affirmatively states that he does not exhibit any of the traditional indicia of "doing business" sufficient to satisfy an exercise of general jurisdiction over him. (D. McBride Decl. ¶¶ 9-13.)

5

business in the State of New York, and has never done so. He does not solicit business from the State of New York, and has never done so. He has never committed a tortious act in the State of New York. He does not derive revenue from the State of New York, and has never done so.

The FAC does not contradict any of the foregoing. Indeed, insofar as the FAC relates to Mr. McBride, it only alleges acts occurring in the State of Utah, and acts having no connection whatsoever with the State of New York. The specific allegations of conduct by Mr. McBride are that:

> McBride, at Brazell's direction, established a website named skylinecowboy.com, the purpose of which was to make disparaging and misleading statements about Robbins and his business and to discredit him. He and another accomplice…also posted negative and false statements about Mr. Robbins and his business on twitter and Yahoo! Finance postings. (FAC ¶ 49); and
>
> On information and belief, he [McBride] shared with the others the Confidential Business Information [of AIP] in his possession and collaborated with the others in the operation of their new pirated business. (FAC ¶ 51)

Neither of these allegations supports the exercise of personal jurisdiction over Mr. McBride.

### A. The Alleged Defamatory Statements Do Not Support Long-Arm Jurisdiction

Mr. McBride's alleged defamatory statements cannot serve as the basis for personal jurisdiction under NY CPLR § 302(a) because no acts were alleged to have occurred within New York, because any actions allegedly occurring outside of New York cannot be used to tie Mr. McBride to New York, and – most fundamentally – the alleged acts are specifically *excluded* as a basis for the exercise of jurisdiction.

In *Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007), the Second Circuit Court of Appeals examined exhaustively the use of allegedly defamatory internet postings as the basis

6

for long-arm jurisdiction under NY CPLR § 302.  In circumstances remarkably similar to the case at bar, the Second Circuit found that allegedly defamatory postings by a non-domiciliary on an out-of-state website did not provide a basis for long-arm jurisdiction.  The court reviewed comprehensively a variety of theories under which the defendant could possibly have been subject to jurisdiction in New York, and rejected each in turn.

Defamation of character is specifically *excluded* as a basis for the exercise of jurisdiction under NY CPLR § 302(a)(2) and (3).  NY CPLR § 302(a)(2) extends long-arm jurisdiction over non-residents for tortious acts committed *within* the State of New York, "*except* as to a cause of action for defamation of character arising from the act…"  Similarly, NY CPLR § 302(a)(3) extends long-arm jurisdiction for tortious acts committed *outside* the State of New York, "*except* as to a cause of action for defamation of character arising from the act," and only if a person "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

Plaintiff's allegations of jurisdiction against Mr. McBride as set forth in ¶49 fail under NY CPLR § 302(a)(2) and (3) because, inescapably, any alleged website designed to make "disparaging and misleading statements about [Mark] Robbins and his business and to discredit him" can only sound in defamation.  Similarly, any alleged "negative and false statements about Mr. Robbins and his business on Twitter and Yahoo! Finance postings" can only sound in defamation, and are thus excluded as a basis for jurisdiction under NY CPLR § 302(a).

In addition, allegations of defamatory statements, the allegations of ¶49 cannot form the basis for jurisdiction under § 302(a)(2) because any such conduct did not occur within the State of New York, and is not alleged to have done so.

The allegations of ¶49 also independently fail under § 302(a)(3) because Mr. McBride does not regularly do or solicit business in New York, derive substantial revenue from interstate commerce, and could not have expected that his alleged actions would have consequences in New York. Indeed, neither the named Plaintiff (Pelican Equity, LLC), nor the real parties in interest (Mark Robbins and AIP) are alleged to have anything whatsoever to do with the State of New York. Pelican is alleged to be a Delaware entity with its headquarters in California. Robbins did not reside or operate in New York. AIP was not domiciled in New York and did not operate in New York. Therefore, any alleged conduct by Mr. McBride could not reasonably be expected to have had foreseeable consequences in the State of New York, and in fact did not. And to reiterate, Darl McBride had *never even heard* of the company Pelican Equity, LLC until the filing of this litigation. It is impossible that he could have engaged in any act against *Pelican Equity*, LLC, and no such allegations exist in the First Amended Complaint.

Finally, there is absolutely no allegation that Mr. McBride's allegedly defamatory statements arose out of the transaction of business within New York under NY CPLR § 302(a)(1). Again, the sole allegation is that Mr. McBride posted statements on the internet – there is nothing in the FAC to suggest that such postings were in any way connected to a business transaction involving Pelican Equity or either of Robbins or AIP.

For these reasons, any internet-based activity alleged against Mr. McBride does not give rise to long-arm jurisdiction under NY CPLR §302(a) under the facts of the instant case.

### B.    *The Alleged "Conspiracy" Does Not Support Long-Arm Jurisdiction*

Nor can Plaintiff's wholly unsupported allegations of conspiracy support personal jurisdiction under NY CPLR § 302(a).  Such allegations are raised at various points throughout the FAC, but most particularly in ¶51.  Paragraph 51 alleges: "*[o]n information and belief*, he [McBride] shared with the others the Confidential Business Information [of AIP] in his possession and collaborated with the others in the operation of their new pirated business."  Under none of the various subsections of NY CPLR § 302(a) can such vague and unsubstantiated allegations support the exercise of personal jurisdiction over Mr. McBride.

As an initial matter, bald and unsupported allegations of conspiracy cannot form the basis for the exercise of jurisdiction.  Lacking any supportable facts of conspiracy, Plaintiff resorts to an "information and belief" allegation of conspiracy against Mr. McBride in ¶51 of the FAC.  This is simply not enough to justify long-arm jurisdiction against a non-resident under any theory of law.  See, *Second Amendment Foundation et al. v. United States Conference of Mayors et al.*, 274 F.3d 521 (D.C. Cir. 2001) (bare allegations of conspiracy insufficient to support long-arm jurisdiction); *First Chicago International v. United Exchange Co Ltd.*, 836 F.2d 1375 (D.C. Cir. 1988) (alleged participation in international check-kiting scheme insufficient to extend jurisdiction to non-resident co-conspirators).

Second Circuit case law rejects the application of long-arm jurisdiction with respect to the "conspiracy" theory allegations as alleged in the instant case.  In *Grove Press, Inc. v. Angleton*, 649 F.2d 121 (2d Cir. 1981) the Second Circuit Court of Appeals held that "a showing must be made that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal" before long-arm jurisdiction under CPLR § 302 could be lawfully extended.  In the instant case, there is no

9

allegation that Mr. McBride somehow acted as a principal to control a New York agent. To the contrary, the FAC paints Mr. McBride as an agent, not a principal. (See, e.g., FAC ¶ 49).

Even if the FAC's threadbare conspiracy allegations could pass muster as sufficiently detailed (and they cannot), the allegations would still not support the exercise of jurisdiction over Mr. McBride under any relevant section of NY CPLR § 302(a).

NY CPLR § 302(a)(1) cannot be the basis for jurisdiction because there are no allegations that the purported "conspiracy" was in connection with the transaction of business in the State of New York.

NY CPLR § 302(a)(2) cannot be the basis for jurisdiction because there are no allegations that Mr. McBride committed any tortious act within New York State.

NY CPLR § 302(a)(3)(i) cannot be the basis for jurisdiction because there is no allegation that Mr. McBride "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state."

And NY CPLR § 302(a)(3)(ii) cannot be the basis for jurisdiction because there are no allegations that Pelican Equity LLC, AIP or Mark Robbins has anything whatsoever to do with the State of New York, and it is therefore patently unreasonable to expect or foresee material consequences of any "conspiracy" in the State of New York. Finally, Mr. McBride has no financial or business connection whatsoever to Talos or the other defendants, and has no agreement or expectation of sharing of profit. Therefore, Mr. McBride has no expectation of revenue from interstate or international commerce related to any so-called "conspiracy" with Talos or the other co-defendants.

### C. The Exercise of Jurisdiction over Mr. McBride Would be Improper under the Fourteenth Amendment

Finally, Mr. McBride is not subject to the personal jurisdiction of this Court, as subjecting him to such jurisdiction would offend the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as "traditional notions of fair play and substantial justice." *Int'l Shoe* 326 U.S. at 315, 66 S. Ct. 154. The Fourteenth Amendment, *International Shoe*, and their progeny demand minimum contacts between any potential civil defendant and the forum state, and it is essential that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Moreover, contacts with the forum state must be "continuous and systematic" to justify the exercise of jurisdiction over a non-resident on the basis of general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). In the instant case, there is no allegation in the FAC of any act by which Darl McBride purposefully availed himself of the privilege of conducting activities within the New York, thus invoking the benefits and protections of its laws. Far from being "continuous and systematic," Darl McBride has no minimum contacts whatsoever with the State of New York.

*    *    *

While any long-arm jurisdiction analysis must focus on the relationship between the defendant and the forum state, it is nevertheless relevant that all of the alleged relationships between Mr. McBride and the real parties in interest in this case, Mark Robbins and AIP, center around the State of Utah, not New York. Robbins is and was a citizen of Utah. AIP is domiciled in Utah and is currently seeking bankruptcy protection in the US Bankruptcy Court, District of Utah. Pelican Equity, LLC is a new entity, formed in Delaware on March 27, 2009, that

11

seemingly has nothing whatsoever to do with the State of New York. It appears more that plaintiff's choice of New York as the forum state for this lawsuit had more to do with avoiding Utah – presumably because of AIP's bankruptcy and Robbins' pending arrest warrant – than an affirmative choice of New York.

## CONCLUSION

Because Plaintiff has not shown that this Court may exercise jurisdiction over Mr. McBride under NY CPLR § 302, and because the exercise of personal jurisdiction over Mr. McBride would offend traditional notions of fair play and substantial justice under the Due Process clause of Fourteenth Amendment to the U.S. Constitution, the First Amended Complaint must be dismissed as to Mr. McBride, in its entirety.

Dated: October 7, 2009
    New York, New York

MCBRIDE LAW, P.C.

_____
KEVIN P. McBRIDE
(*admitted pro hac vice*)
McBride Law, PC
PO Box BB
Pasadena, CA  91107
(310) 714-1933
km@mcbride-law.com

Paul R. Niehaus
NIEHAUS LLP
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223
pniehaus@niehausllp.com

*Attorneys for Defendant*
*Darl McBride*