UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PELICAN EQUITY, LLC,

                            Plaintiff,                      09 CIV 5927 (NRB)
                                                                       ECF Case

      - against -

ROBERT V. BRAZELL, STEPHEN L. NORRIS,            **ANSWER to FIRST**
TALOS PARTNERS, LLC,                                             **AMENDED COMPLAINT**
RAMA RAMACHANDRAN, DARL McBRIDE,              **and COUNTERCLAIM**
and BRYAN CAVE LLP,

                               Defendants.
----------------------------------------------------------X

       Defendants Robert V. Brazell ("Brazell"), Stephen L. Norris ("Norris"), Talos Partners, LLC ("Talos"), and Rama Ramachandran ("Ramachandran") (collectively, "Talos Defendants"), by and through their undersigned counsel, as and for their Answer to the First Amended Complaint by Plaintiff Pelican Equity, LLC ("Plaintiff" or "Pelican") and their Counterclaim, respond and allege as follows:

## RESPONSE TO NATURE OF THE ACTION

       1.      Talos Defendants deny the allegations contained in paragraph 1 of the Complaint, including Footnote 1, except deny knowledge or information sufficient to form a belief as to Pelican's relationship with American Institutional Partners LLC ("AIP")'s business and/or rights, and deny that AIP had a stock loan program to transfer.

       2.      Talos Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that Brazell and Robbins exchanged a number of e-mails in November 2008 and refer to the e-mails for their content.

       3.      Talos Defendants deny the allegations contained in paragraph 3 of the

Complaint.

4. Talos Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except deny the allegations to the extent they apply to them.

6. Talos Defendants deny the allegations contained in paragraph 6 of the Complaint.

## RESPONSE TO THE PARTIES

7. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except deny that AIP ever had any proprietary intellectual property, business plans, models or confidential business information pertaining to a stock loan business or any claims of any nature against the Talos Defendants.

8. Talos Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that Brazell was the founder of Overstock.com and served as the company's President and Chief Executive Officer; admit that Brazell is the Chief Executive Officer of Talos; and admit that Robbins represented to Brazell that Brazell would be a partner and the Co-Chairman of AIP, but that no agreements were finalized.

9. Talos Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that Norris resides in the West Palm Beach, Florida; admit that Norris is a member of the board of directors of Talos Partners and serves on the Investment Committee, and admit that Norris was a co-founder of The Carlyle Group.

10. Talos Defendants deny the allegations contained in paragraph 10 of the Complaint, except admit that Talos is a Delaware LLC that maintains its principal place of business in New York, New York and admit that Talos transacts business in New York.

11. Talos Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that Ramachandran is an individual residing in San Francisco, California and is a Senior Vice President at Talos.

12. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

## **RESPONSE TO JURISDICTION AND VENUE**

14. Talos Defendants deny the allegations contained paragraph 14 of the Complaint.

15. Talos Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Talos Defendants deny the allegations contained paragraph 16 of the Complaint.

## **FACTS**

17. Talos Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Talos Defendants deny the allegations contained in paragraph 18 of the Complaint.

4070-002 Doc# 158

19. Talos Defendants deny the allegations contained paragraph 19 of the Complaint.

20. Talos Defendants deny the allegations contained paragraph 20 of the Complaint.

21. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Talos Defendants deny the allegations contained in paragraph 23 of the Complaint, except admit that Brazell and Robbins met in Salt Lake City, Utah in November 2008.

24. Talos Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Talos Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that Brazell and Robbins exchanged e-mails in November 2008 and refer to the e-mails for their content.

26. Talos Defendants deny the allegations contained paragraph 26 of the Complaint.

27. Talos Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Talos Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Talos Defendants deny the allegations contained in paragraph 29 of the Complaint, including footnotes 2 and 3.

30. Talos Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that Brazell exchanged e-mails in November 2008 in relation to AIP and refer to the e-mails for their content.

31. Talos Defendants deny the allegations contained in paragraph 31 of the Complaint, except admit that Brazell sent e-mails in December 2008 and refer to the e-mails for their content.

32. Talos Defendants deny the allegations contained in paragraph 32 of the Complaint, except admit that Brazell and Robbins exchanged e-mails in December 2008 and refer to the e-mails for their content.

33. Talos Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Brazell and Robbins exchanged e-mails in January 2009 and refer to the e-mails for their content.

34. Talos Defendants deny the allegations contained in paragraph 34 of the Complaint, and allege that the e-mail alleged to have been sent by Mr. Discala was, in fact, sent by Robbins posing as Mr. Discala.

35. Talos Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Talos Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Talos Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Talos Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Talos Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except deny the allegations to the extent they apply to the Talos Defendants.

41. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Talos Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Talos Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Talos Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Talos Defendants deny the allegations contained in paragraph 45 of the Complaint, including footnote 4, except admit that Brazell and Robbins exchanged e-mails in December 2008 and refer to the e-mails for their content.

46. Talos Defendants deny the allegations contained in paragraph 46 of the Complaint, except admit that Brazell and Robbins exchanged e-mails in December 2008 and refer to the e-mails for their content.

47. Talos Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Talos Defendants deny the allegations contained in paragraph 48 of the Complaint, except admit that Peter Densen, Robert W. Kasten, Brian Nord, Larry Russell Jr., Todd Bergeron, Derek Cornaby, Douglas Anderson and Robert M. Daughtry are or have been associated with Talos and/or listed on the Talos website.

49. Talos Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Talos Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Talos Defendants deny the allegations contained in paragraph 51 of the Complaint.

## **RESPONSE TO FIRST CLAIM FOR RELIEF**

52. Talos Defendants repeat and reallege each of the responses contained in paragraphs 1 through 51 as if fully set forth herein.

53. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 53 of the Complaint. Paragraph 53 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

54. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 54 of the Complaint. Paragraph 54 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

55. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 55 of the Complaint. Paragraph 55 of the Complaint does not

7

contain any allegations as to Defendant Talos and thus no substantive response is required.

56. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 56 of the Complaint. Paragraph 56 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

57. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 56 as if fully set forth herein.

58. Talos Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Talos Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Talos Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Talos Defendants deny the allegations contained in paragraph 61 of the Complaint.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

62. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 61 as if fully set forth herein.

63. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 63 of the Complaint. Paragraph 63 of the Complaint does not

8

contain any allegations as to Defendant Talos and thus no substantive response is required.

64. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 64 of the Complaint. Paragraph 64 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

65. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 65 of the Complaint. Paragraph 65 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

66. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 66 of the Complaint. Paragraph 66 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

### **RESPONSE TO FOURTH CLAIM FOR RELIEF**

67. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 66 as if fully set forth herein.

68. Defendants Brazell and Talos deny the allegations contained in paragraph 68 of the Complaint. Paragraph 68 of the Complaint does not contain any allegations as to the other Talos Defendants and thus no substantive response is required.

69. Defendants Brazell and Talos deny the allegations contained in paragraph 69 of the Complaint. Paragraph 69 of the Complaint does not contain any allegations as to the other Talos Defendants and thus no substantive response is required.

9

**RESPONSE TO FIFTH CLAIM FOR RELIEF**

70. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 69 as if fully set forth herein.

71. Talos Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Talos Defendants deny the allegations contained in paragraph 72 of the Complaint.

**RESPONSE TO SIXTH CLAIM FOR RELIEF**

73. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 72 as if fully set forth herein.

74. Paragraph 74 of the Complaint is not directed at the Talos defendants and thus no substantive response is required. To the extent paragraph 74 contains allegations as to the Talos Defendants, the allegations are denied.

75. Paragraph 75 of the Complaint is not directed at the Talos defendants and thus no substantive response is required. To the extent paragraph 75 contains allegations as to the Talos Defendants, the allegations are denied.

**RESPONSE TO SEVENTH CLAIM FOR RELIEF**

76. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 75 as if fully set forth herein.

77. Talos Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Talos Defendants deny the allegations contained in paragraph 78 of the Complaint.

### RESPONSE TO EIGHTH CLAIM FOR RELIEF

79. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 78 as if fully set forth herein.

80. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 80 of the Complaint. Paragraph 80 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

81. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 81 of the Complaint. Paragraph 81 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

### RESPONSE TO NINTH CLAIM FOR RELIEF

82. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 81 as if fully set forth herein.

86. Paragraphs 83-86 of the Complaint do not contain any allegations as to the Talos Defendants and thus no substantive response is required. To the extent paragraphs 83, 84 and 85 contain allegations directed at any of the Talos Defendants, the allegations are denied.

### RESPONSE TO TENTH CLAIM FOR RELIEF

87. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 86 as if fully set forth herein.

88. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 88 of the Complaint. Paragraph 88 of the Complaint does not

contain any allegations as to Defendant Talos and thus no substantive response is required.

89. Defendants Brazell, Norris and Ramachandran deny the allegations contained in paragraph 89 of the Complaint. Paragraph 89 of the Complaint does not contain any allegations as to Defendant Talos and thus no substantive response is required.

### AS AND FOR A FIRST DEFENSE
**(Improper Plaintiff)**

90. Plaintiff's claims are barred, in whole or in part, because Plaintiff, which is the alter ego of Robbins and AIP, is not the real party in interest and is not a proper plaintiff for this action.

91. Upon information and belief, AIP filed for bankruptcy on May 27, 2009. As such, all rights, title and interest in any property of AIP, including any rights to sue, belong to AIP and are subject to the bankruptcy proceedings.

### AS AND FOR A SECOND DEFENSE
**(Misrepresentation)**

92. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 91 as if fully set forth herein.

93. Plaintiff's claims are barred, in whole or in part, by Plaintiff's and Plaintiff's co-conspirators' misrepresentation to Defendants.

### AS AND FOR A THIRD DEFENSE
**(Willful Misconduct and Unclean Hands)**

94. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 93 as if fully set forth herein.

95. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's and Plaintiff's co-conspirators' own willful misconduct and/or unclean acts.

## AS AND FOR TALOS DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFF
(Fraud)

96. Talos Defendants repeat and reallege each of the allegations and responses contained in paragraphs 1 through 95 as if fully set forth herein.

97. Plaintiff has conspired, and continues to conspire and act in concert with its alter egos Robbins and AIP, as well as others to misrepresent and falsely portray Robbins's and AIP's business and assets in an effort to defraud the Talos Defendants, prospective investors and customers, and this Court.

98. In furtherance of this fraudulent scheme, Robbins and AIP falsely represented, among other things:

(a) that they had expertise in the stock loan business;

(b) that they had concluded numerous stock loan transactions;

(c) that they had substantial assets and financial backing, including ownership of a mountain ski resort and an island in the Bahamas; and

(d) that they had developed proprietary business plans, models and other intellectual property for a stock loan business.

99. Robbins and AIP deliberately and fraudulently concealed from the Talos Defendants that the one purported stock loan that AIP had in fact placed resulted in a lawsuit in the Third Judicial District Court in and for Salt Lake County, State of Utah, brought by the borrower based on, among other things, fraud and misrepresentation by AIP and Robbins, which resulted in the entry of a final judgment against Robbins and AIP in the amount of $2,296,651.38, which judgment remains unsatisfied, and that

13

Robbins is subject to a bench warrant for his arrest issued by the Third Judicial District Court in Utah for contempt of court.

100. Plaintiff, Robbins, and AIP knew these representations to be false and made these misrepresentations and concealed these facts for the purpose of inducing Talos Defendants, as well as other prospective investors and customers, to rely upon the representations, to create a false belief that the AIP stock loan business was real, lawful and legitimate, and to induce them to invest time and money in Robbins's and AIP's fraudulent scheme when, in fact, AIP, Robbins and their alleged stock loan business was nothing more than an elaborate con job.

101. By bringing this lawsuit Plaintiff has joined with and is acting in furtherance of the fraudulent schemes of Robbins, AIP and others.

102. The Talos Defendants relied upon and were misled by these misrepresentations and concealments and have been damaged thereby in an amount to be determined at trial, but, upon information and belief, no less than $100,000.

103. Due to the egregious nature of Plaintiff's actions in furthering the fraudulent scheme -which was not solely aimed at the defendants to this lawsuit, but also at general investors in the public at large- punitive damages are warranted in this action.

WHEREFORE, Talos Defendants respectfully request that this Court issue and order:

A. Awarding Talos Defendants compensatory damages in an amount to be determined at trial but which is, upon information and belief, in excess of $100,000;

B. Awarding Talos Defendants punitive damages in an amount to be determined at trial;

C. Awarding Talos Defendants attorneys' fees and the cost and expense of this proceeding; and

D. Granting Talos Defendants such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 9, 2009

                    MEISTER SEELIG & FEIN LLP

                By: __/s/ James M. Ringer_____
                    James M. Ringer
                    *jmr@msf-law.com*
                    Jeanette Blair
                    *jrb@msf-law.com*
                    Two Grand Central Tower
                    140 East 45th Street, 19th Floor
                    New York, New York 10017
                    Tel.   (212) 655-3500
                    Fax   (212) 655-3535