Kevin P. McBride (*admitted pro hac vice*)
MCBRIDE LAW, PC
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA  90274
(310) 265-4427

Paul R. Niehaus (PN-3994)
NIEHAUS LLP
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223
*Attorneys for Defendant McBride*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PELICAN EQUITY, LLC,

       Plaintiff,

vs.

ROBERT V. BRAZELL, STEPHEN L. NORRIS,
TALOS PARTNERS, LLC,
RAMA RAMACHANDRAN,
DARL McBRIDE AND BRYAN CAVE LLP,

       Defendants.
_____

09 Civ. 5927 (NRB)
ECF Case

**REPLY MEMORANDUM IN SUPPORT OF DARL McBRIDE'S MOTION TO DISMISS FOR LACK OF <u>PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

   I.   PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE CASE FOR CONSPIRACY-BASED JURISDICTION UNDER NEW YORK LAW .......................................................................................... 3

      A.   Plaintiff's Allegations are Insufficient Under New York Law ......................... 3

      B.   Plaintiff Has Failed to Allege or Show Evidence of Specific Facts Sufficient to Support the Exercise of Jurisdiction Under New York Law ..................................... 10

   II.   EXERCISE OF JURISDICTION OVER MR. McBRIDE WOULD VIOLATE DUE PROCESS. ................................................................................................................ 11

CONCLUSION ............................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990); ............................... 10

*Best Van Lines v. Walker*, 490 F.3d 239 (2d Cir. 2007) ............................................................ 3, 6

*Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991) .. 4-9, 11, 15

*Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574 (E.D.N.Y., 1998). ......................... 11, 12

*Energy Brands, Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y. 2008) ................. 10

*Fairstar Resources, Ltd. v. American International Partners, LLC et al.*,
   Utah Third District Court, Case No. 080916464 ....................................................................... 13

*Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir. 2005) ............................ 10

*Hanson v. Denckla*, 357 U.S. 235 (1958). ...................................................................... 2, 12, 14

*In re: American Institutional Partners, LLC*,
   Bankruptcy Court, District of Utah, Case No. 09-25375 .......................................................... 13

*Janzi v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir.1998) ................................................ 10, 11

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195 (1988) ......................... 12, 14

*Kronisch v. United States*, 150 F.3d 112 (2d Cir.1998) ......................................................... 12, 14

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990).......... 10

*Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir. 1975)........................ 6, 8, 9, 10

*McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981)............................................. 12, 14

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996)....................... 10

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) ....................... 10

*Snyder v. Ply Gem Industries, Inc.*, 200 F. Supp. 2d 246 (S.D.N.Y., 2001)................................. 10

**STATUTES**

CPLR §302 ............................................................................................................................. passim

CPLR §301 ........................................................................................................................................ 1

## **PRELIMINARY STATEMENT**

Defendant Darl McBride respectfully submits this reply memorandum of law in further support of his motion to dismiss the action against him for lack of personal jurisdiction. The motion should be granted because plaintiff has failed to present a *prima facie* case for jurisdiction against Mr. McBride under New York law, and has failed to demonstrate why exercise of personal jurisdiction would not violate due process under the Fourteenth Amendment to the U.S. Constitution.

In its opposition papers, plaintiff concedes that it cannot allege personal jurisdiction over Mr. McBride, *directly*, under any allegations of the First Amended Complaint ("FAC").[1] The record shows, and plaintiff tacitly acknowledges, that general jurisdiction does not exist under CPLR §301. Plaintiff's opposition brief also acknowledges that Mr. McBride's alleged involvement in an internet "smear campaign" against Mark Robbins does not support jurisdiction for an independent claim of defamation under CPLR §302(a)(2). And the record is clear that Mr. McBride does not "transact business" in the State of New York, and is therefore not subject to individual jurisdiction under CPLR §302(a)(1).

Against this backdrop of specific allegations under which jurisdiction admittedly cannot be exercised over Mr. McBride directly, plaintiff hangs its hat on one tenuous peg—Mr. McBride's alleged role in a purported conspiracy that, plaintiff argues, permits jurisdiction under CPLR §302(a)(1) and (2).

---

[1] Plaintiff has alleged four causes of action against Mr. McBride. Count 1 is under the federal Computer Fraud and Abuse Act; Count 2 is for misappropriation of trade secrets under New York law; Count 5 is for unfair competition under New York law; Count 7 is for interference with prospective business relations under New York law. Counts 3, 4 and 6 are not asserted against Mr. McBride.

It is noteworthy that plaintiff does not claim conspiracy-based jurisdiction under CPLR §302(a)(3), which requires, *inter alia*, a showing of injury to person or property *within* the State of New York.  Indeed, plaintiff can show no injury in New York.  Plaintiff itself is a Delaware entity operating in the State of California, while the underlying real parties in interest, Mark Robbins and American Institutional Partners, LLC ("AIP") are Utah-based.

Lacking direct jurisdiction over Mr. McBride, plaintiff's theory is that alleged torts committed within New York by defendant Talos Partners LLC ("Talos") and its management (Mr. Brazell and others) should be attributed to Mr. McBride under CPLR §302(a)(1) and (2) as a co-conspirator. Plaintiff makes this argument even though the FAC presents no allegation that Mr. McBride is member, manager or employee of Talos, and the FAC presents no allegation from which this Court can infer, that Mr. McBride: (a) was aware that his alleged conduct would have effects in New York, (b) financially benefitted from the alleged conspiracy, or (c) directed the New York-based activities of Talos or its managers.  Without this showing, long-arm jurisdiction does not reach Mr. McBride under either New York law or under the due process requirements of *International Shoe* and its progeny.  Due process requires minimum contacts between any potential civil defendant and the forum state, and it is essential that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  There is no such contact between Mr. McBride and the State of New York and there is no act by which Mr. McBride "purposely availed himself" of the privilege of conducting activities within New York.  Therefore there is no jurisdiction over Mr. McBride in this action.

## ARGUMENT

I. **PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE CASE FOR CONSPIRACY-BASED JURISDICTION UNDER NEW YORK LAW**

*A. Plaintiff's Allegations are Insufficient Under New York Law*

Recognizing it cannot *directly* assert jurisdiction over Mr. McBride for alleged defamation, plaintiff attempts to circumvent the jurisdictional bar of CPLR §302(a) and reach Mr. McBride *indirectly*; arguing that its defamation claims should really be viewed as *conspiracy* claims for the purposes of acquiring jurisdiction.  Presumably, plaintiff would then argue at trial for a damages award against Mr. McBride based on the very acts of alleged defamation that may not be asserted against him directly under New York law.  The Court should reject plaintiff's novel and unsound jurisdictional argument.

As noted in Mr. McBride's opening brief, plaintiff alleges that:

- McBride, at Brazell's direction, established a website named skylinecowboy.com, the purpose of which was to make disparaging and misleading statements about Robbins and his business and to discredit him. (FAC ¶49)

- McBride, littered the Internet with scurrilous postings on ww.skylinecowboy.com, a website they used primarily for that purpose, and on Yahoo, Twitter and other message boards. (FAC ¶6)

These allegations of internet-based *defamation* do not give rise to answerable consequences in the State of New York for jurisdictional purposes—directly or indirectly.   CPLR §302(a)(2) and (3) expressly *exclude* defamation from the reach of personal jurisdiction while *Best Van Lines v. Walker*, 490 F.3d 239, 250 (2d Cir. 2007) holds that: "it is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit."  Therefore, there is no legal predicate for an argument that Mr. McBride was legally aware his alleged internet postings would have

-3-

answerable consequences in New York. With no reason to believe the alleged internet postings would be violations of New York law, Mr. McBride could not, by definition, be "aware" that such acts would have legal effects in this State.

      Showing that Mr. McBride was aware of the effects his alleged wrongful acts would have in this State is just *one* of the required elements for exercising jurisdiction. *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991), cited in plaintiff's opposition brief, addresses circumstances under which jurisdiction can be exercised against an out-of-state defendant as member of a conspiracy within this State. The court explained that to establish jurisdiction on the basis of conspiracy, "a plaintiff must clear two hurdles: (1) it must make a *prima facie* factual showing of a conspiracy; and (2) it must allege specific facts warranting the inference that the defendant was a member of the conspiracy." *Id.* at 1266. The court further explained that to warrant an inference that defendant was member of the conspiracy:

> [C]ourts have required plaintiffs to show that:
>
> (a) the defendant had an awareness of the effects in New York of its activity;
>
> (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and
>
> (c) the co-conspirators acting in New York acted "at the direction or under the control," or "at the request of or on behalf of" the out-of-state defendant.

*Id*. at 1268 (citations omitted). In *Chrysler Capital Corp*., the court analyzed the three prongs of this jurisdictional showing required under CPLR §302(a)(2) and found that jurisdiction existed in that particular case. On the "awareness" prong of analysis, the plaintiff had submitted affidavits that a transaction central to the case had "closed in New York, and the warranties, covenants, and representations, as well as the securities themselves, were delivered in New York at the closing."

-4-

*Id.* at 1268.  The court further found that the out-of-state defendant, San Diego Gas & Electric, Co., ("San Diego") had asked a New York party to the transaction to "'finesse its documents to our advantage now' in order to minimize the likelihood that the [New York] investors would learn of San Diego's intention before the closing." *Id.* at 1267.  Based on this affirmative act, among others, the court found that San Diego was aware of the effect of its acts in New York. *Id.* at 1269.  On the "benefit" prong of the test, the court found that "[i]f the proposed transaction were to close, [defendant] San Diego would receive benefits of at least $28 million." *Id.* at 1270. On the "exercise of control" prong of the jurisdictional test for conspiracy, plaintiff had alleged that "it was [defendant] San Diego who directed Alamito to draft its documents in a misleading fashion, thus assisting in the breach of duty toward and fraud on the investors." *Id.*  Based on this three-pronged showing by plaintiff, the court determined that "plaintiffs' pleadings have met all the requirements for this Court to assert jurisdiction over San Diego under CPLR § 302(a)(2)." Even though jurisdiction was based on allegations of conspiracy, jurisdiction was properly exercised because the target defendant itself had established *its own* minimum contacts with New York because of (a) awareness of the effects of its own New York activity; (b) a clearly-articulated benefit to the out-of-state defendant as result of the conspiracy; and (c) direction of in-state activities by the out-of-state defendant.  In the instant case, plaintiff's allegations fail to satisfy any portion of the three-pronged test for jurisdiction under CPLR §302(a)(2) articulated in *Chrysler Capital Corp*.

On the "awareness" prong of analysis, there is no allegation from which the Court could properly infer that Mr. McBride was aware that his activity would have answerable consequences in New York under governing law.  First, as discussed above, Mr. McBride would have no reason to know that his alleged internet posting activities would have legal consequences

-5-

in New York, since CPLR §302(a) and *Best Van Lines v. Walker*, *supra*, expressly prohibit legal actions against an out-of-state defendant for internet postings of the type alleged by plaintiff in the instant case.  Consequently, the defamation allegations lack the legal and factual predicate for any inference under the test articulated in *Chrysler Capital Corp*. that Mr. McBride was (or even should be) "aware" of the effect of his alleged internet posting activities in New York.  For this reason *alone* plaintiff has failed to make the requisite *prima facie* showing for exercise of jurisdiction over Mr. McBride; as any other mention of Mr. McBride in the FAC is little more than a "bland assertion of conspiracy or agency…insufficient to establish jurisdiction for the purposes of section 302(a)(2)," (*Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975))--particularly where Mr. McBride, Mr. Robbins and AIP were all domiciled in the State of Utah and any activity alleged against Mr. McBride also occurred in Utah. [2]

.  The only meeting in New York that plaintiff claims Mr. McBride attended was an *AIP* meeting in May 2007, attended by *Mr. Robbins*, in which *AIP business* was discussed, along with business involving Mr. McBride's company, The SCO Group, Inc.  (FAC ¶20)  Notably, this meeting was at least *20 months* before the date plaintiff claims the alleged conspiracy began, January 2009 (FAC ¶36), and the alleged "mastermind" of the conspiracy, Mr. Brazell (FAC ¶3), was not present at that meeting. (FAC ¶20)  There is nothing about this May 2007 meeting, attended by Mr. Robbins and involving the business of AIP, that allows an inference that Mr. McBride was aware of conspiratorial consequences in the State of New York—particularly where formation of the alleged conspiratorial business, Talos, did not occur until 20 months later.  And notwithstanding an overreaching comment in the Introduction section of plaintiff's

---

[2] In addition, Mr. McBride has testified by Declaration (which remains unopposed) that he was aware that Mr. Robbins had left Utah for the State of California following a Utah-based meeting on Feb. 19, 2009, (D. McBride Dec. ¶5); and that he (Mr. McBride) had never heard of plaintiff, Pelican Equities, LLC, until the filing of this case. (D. McBride Dec. ¶6)

-6-

opposition brief attempting to associate Mr. McBride with formation of the alleged conspiracy, ("Plaintiff alleges…the establishment of a competing business, Talos Partners, LLC, in New York, and Mr. McBride's active participation in the planning and execution of their scheme") the actual allegations of the First Amended Complaint do not go that far.  No allegation of the FAC includes Mr. McBride as a founder, manager, member or employee of Talos.  To the contrary, the FAC alleges that Talos was formed by Mr. Brazell and Mr. Norris in January 2009.  (FAC ¶36, 37)  The FAC alleges only that "in the same time period, McBride and Rama agreed to join them in that endeavor."  (FAC ¶37)  Plaintiff alleges no steps or actions taken by Mr. McBride to supposedly help set up or organize Talos.  By contrast, plaintiff explains in extensive detail how Mr. Brazell and others allegedly set up Talos (*See*, FAC ¶37-42).  None of these allegations in FAC ¶37-42, which explain the actual organizing activities of Talos, includes any reference to Mr. McBride.  And unlike the defendant in *Chrysler Capital Corp.*, there is no factual showing in the instant case that Mr. McBride purportedly tried to control or influence Talos.  There is simply no allegation that allows a legal inference under *Chrysler Capital Corp.* (and cases referenced therein) that Mr. McBride was involved in setting up a New York company or otherwise took part in or influenced an agreement in New York, or took any other action that would have foreseeable legal consequences in New York.

On the "benefit" prong of analysis for exercise of conspiracy-based jurisdiction, plaintiff has not articulated an actual benefit to Mr. McBride as a member of the supposed conspiracy. Unlike the defendant in *Chrysler Capital Corp.* (who stood to benefit in the amount of $28 million as result of the conspiracy), plaintiff does not allege participation in the profits of Talos or in other shared benefits.  In fact, plaintiff alleges only that the defendants (presumably including Mr. McBride) "hoped to benefit from the conspiracy by participation in the revenues

the competing business would generate." (FAC ¶80)  Mr. McBride, on the other hand, has filed an unopposed declaration with this Court, under oath, that:

> I have never been employed by or affiliated in any way with a company called Talos, or any other New York-based company related to Mark Robbins, Pelican Equity, LLC or any of the co-defendants.  I have no agreement or expectation for sharing of profits with Talos, and never have had.

(D. McBride Dec. ¶7)  Further, as discussed above, there is *no* allegation in the FAC that Mr. McBride is an actual member, shareholder, employee or other financial beneficiary of Talos. Without an allegation explaining how Mr. McBride might possibly share in the financial benefits of Talos, there is no legal basis to infer that he would "benefit from the conspiracy by participation in the revenues the competing business would generate." (FAC ¶80). Whatever Mr. McBride may or may not have "hoped" with respect to the revenues of Talos, there is no allegation of an agreement through which any such *hope* might be reduced to a financial benefit. With the obvious gap between any alleged *hope* and the actual *reality* that no agreement existed for Mr. McBride to share in Talos' revenues, plaintiff makes no cognizable allegation of "benefit" to Mr. McBride arising from the alleged conspiracy.  Plaintiff's "benefit" allegations in FAC ¶80 are thereby reduced to "bland assertions insufficient to establish jurisdiction for the purposes of section 302(a)(2)."  *Lehigh Valley Industries*, 527 F.2d at 93-94.

Finally, plaintiff also fails the "direction and control" prong of analysis for exercise of conspiracy-based jurisdiction.  Unlike the defendant in *Chrysler Capital Corp.* (who directed its co-conspirator to draft its documents in a misleading fashion, thus assisting in the breach of duty toward and fraud on the investors), plaintiff in the instant case avers exactly the opposite role for Mr. McBride in the alleged conspiracy – that Mr. McBride acted as the agent of Mr. Brazell, not the other way around.  Plaintiff avers that Mr. Brazell "masterminded the conspiracy"; that Mr.

Brazell saw Mr. McBride as his "Bulldog Puppet"; and that "McBride, at Brazell's direction, established a website named skylinecowboy.com, the purpose of which was to make disparaging and misleading statements about Robbins and his business and to discredit him." (FAC ¶¶ 3, 49-50)  These allegations fail to allege facts that Mr. McBride directed the actions of Mr. Brazell or any other person in New York; rather, plaintiff actually alleges that Mr. Brazell directed the activities of Mr. McBride.  There are no other agency-related allegations in the FAC that mention Mr. McBride.  Plaintiff fails to allege that Mr. McBride directed the affairs of in-state co-conspirators, and therefore fails the third prong of analysis explained in *Chrysler Capital Corp.* required for exercise of conspiracy-based jurisdiction in New York.

In asking this court to hold Mr. McBride accountable for the in-state activities of Mr. Brazell and Talos, plaintiff asks this Court to extend CPLR §302(a)(2) beyond its established reach and beyond any minimum contacts Mr. McBride actually had with the State of New York.  As *Chrysler Capital Corp.* and related cases hold, jurisdiction based on allegations of conspiracy is only properly exercised when a target defendant *himself* has established *his own* minimum contacts with New York because of (a) awareness of the effects of his own New York activity; (b) an articulated benefit to himself as result of the conspiracy; and (c) where he directed the in-state activities of alleged co-conspirators.  *See*, *e.g.*, *Lehigh Valley Industries, Inc. v. Birenbaum*, *supra*.  Plaintiff has failed to show a proper basis for conspiracy-based jurisdiction against Mr. McBride under CPLR §302(a)(2) and has also failed to show a proper basis for jurisdiction under CPLR §302(a)(1) for most of the same reasons.  If Mr. McBride is not answerable for acts that *specifically relate* to this case by alleged co-conspirators in New York because he, Mr. McBride, lacks his own minimum contacts with New York then by definition, he cannot be answerable under §302(a)(1) based on even more attenuated and *unrelated* business transactions in New

York by Talos or its managers. Exercise of jurisdiction simply by alleged association would stretch the notion of minimum contacts beyond all constitutional recognition.

### B. Plaintiff Has Failed to Allege or Show Evidence of Specific Facts Sufficient to Support the Exercise of Jurisdiction Under New York Law

As set forth in *Snyder v. Ply Gem Industries, Inc.*, 200 F. Supp. 2d 246 (S.D.N.Y. 2001), where an evidentiary hearing on jurisdiction has not been held, plaintiff's showing "must include an averment of facts that, if credited by the trier [of fact], would suffice to establish jurisdiction over the defendant ... [meaning] the prima facie showing must be factually supported." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); and *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (citing *Ball*)." *Snyder*, 200 F. Supp 2d at 246. Plaintiff is allowed to make its *prima facie* showing of personal jurisdiction through affidavits and other materials submitted for the motion. *See*, *e.g.*, *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005); *Energy Brands, Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y. 2008). No such affidavits or other materials have been submitted by plaintiff in the instant case. While the pleadings and supporting documents are construed in the light most favorable to plaintiff as the non-moving party (*see, e.g.*, *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)), conclusory statements that merely re-state the legal test for agency are insufficient factually to support jurisdiction. *Janzi v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998). *See also*, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) ("we are not bound to accept as true a legal conclusion couched as a factual allegation."). Further, "bland assertion of conspiracy or agency is insufficient to establish jurisdiction for the purposes of section 302(a)(2)." *Lehigh Valley Industries, Inc.*, 527 F.2d 87 at 93-94. Plaintiff fails to present

a *prima facie* showing for jurisdiction over Mr. McBride because jurisdiction is not factually supported by the FAC.  Plaintiff has not alleged facts that justify a legal inference that Mr. McBride was aware that his activity would have answerable consequences in New York.  Plaintiff has not alleged an actual benefit to Mr. McBride, claiming only that Mr. McBride "hoped" to share in profit of Talos, but not alleging an agreement by which any such hope might actually be reduced to a financial benefit.  Further, this allegation was soundly rejected in Mr. McBride's declaration, under oath, and plaintiff has alleged no other factual benefit to Mr. McBride flowing from the alleged conspiracy.  Finally, plaintiff has not alleged that Mr. McBride controlled the New-York based activities of Mr. Brazell or Talos; in fact, plaintiff's allegations of agency flow the opposite direction.  The failure under the three-pronged test set forth in *Chrysler Capital Corp*. reveals plaintiff's allegations against Mr. McBride as little more than conclusory statements that, at best, "merely re-state the legal test" required for jurisdiction and should be disregarded by this Court.  *See Janzi v. Nissan Motor Co.*, *supra* at 184.  As a result, plaintiff is unable to establish the minimum contacts between Mr. McBride and the State of New York statutorily required for exercise of personal jurisdiction in this matter.

    II.    **EXERCISE OF JURISDICTION OVER MR. McBRIDE WOULD VIOLATE DUE PROCESS**

In his initial brief on this motion, Mr. McBride argued that jurisdiction over him would be improper under the Fourteenth Amendment and the line of hornbook Supreme Court cases running from *International Shoe* through *Helicopteros Nacionales de Colombia, S.A. v. Hall*.  (Def. Br. p. 11.)  In its opposition brief at page 12, plaintiff attempts to evade clear Supreme Court and Second Circuit precedent on the Constitutional boundaries of long-arm jurisdiction by basing its discussion on an infrequently-cited Eastern District of New York decision, *Cleft of the*

*Rock Foundation v. Wilson*, 992 F. Supp. 574 (E.D.N.Y. 1998).[3]  Plaintiff cites *Cleft of the Rock Foundation* for the general proposition that: "where the first test [minimum contacts] is met the second, of reasonableness, is almost always met." *Id*. This *de minimus* analysis obscures the facts in this case that weigh materially on the due process issues present.

Courts analyzing due process requirements under New York's long-arm statute often rely on a case cited in Mr. McBride's moving papers, *Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir.1998), and its reference to cases as controlling authority. (Def. Br. p. 4.)  *Kronisch* instructs that a suit will be deemed to have arisen out of a party's activities in New York if there is "'an articulable nexus,' or a 'substantial relationship,' between the claim asserted and the actions that occurred in New York." *Kronisch*, 150 F.3d at 130 (*citing Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195, 198-99, 522 N.E.2d 40 (1988); and *McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 644-45, 419 N.E.2d 321 (1981)).  *See also*, *Henderson v. INS*, 57 F.3d 106, 123 (2d Cir. 1998).

For the reasons discussed in detail in Section I, *supra*, there is no articulable nexus between the claims asserted against Mr. McBride and any actions involving him that occurred in New York.  Plaintiff has failed to show minimum contacts between Darl McBride and New York for the purposes of this case under §302(a)(1)(2) or (3).  Plaintiff's jurisdictional claims against Mr. McBride also fail the due process requirements of *International Shoe* and *Hanson v. Denckla*, since there is no *prima facie* showing of contact between Mr. McBride and the State of New York by which Mr. McBride "purposely availed himself" of the privilege of conducting activities within New York.

---

[3] *Cleft of the Rock* has been cited four times in eleven years: *Daly v. Castro Llanes*, 30 F. Supp.2d 407 (S.D.N.Y. 1998); *Simon v. Phillip Morris*, 86 F. Supp. 2d 95 (E.D.N.Y. 2000); *Best Cellars Inc. v. Grape Finds at Dupont, Inc*,. 90 F. Supp.2d 431 (S.D.N.Y. 2000); *CIBC Mellon Trust Co. v. Mora Hotel Corp.*, 296 A.D.2d 81, 7433 N.Y.S.2d 408 (1st Dep't 2002).

Notwithstanding Plaintiff's protestations that discussion of this matter's Utah locus is "impertinent," Mr. McBride's unchallenged testimony that the claims in this case revolve around the State of Utah – not the State of New York – again illustrate how simple it is to articulate a nexus with Utah, and how difficult it is to articulate such a nexus with New York.  The State of New York is, at best, an *elective* forum for plaintiff's litigation in behalf of Mr. Robbins and AIP, and at worst, a jurisdictional subterfuge.  The un-rebutted facts in Mr. McBride's moving papers establish that:  Mr. McBride is a citizen of Utah (D. McBride Dec. ¶1); Mr. Robbins is a citizen of Utah (D. McBride Dec. ¶3); AIP is headquarted in Utah and is currently subject to bankruptcy proceedings in the US Bankruptcy Court, District of Utah (*In re: American Institutional Partners, LLC*, Bankruptcy Court, District of Utah, Case No. 09-25375); Mr. McBride is a bankruptcy creditor of AIP in the Utah bankruptcy proceedings (D. McBride Dec. ¶14); Mr. Robbins is currently subject to a bench arrest warrant in a Utah state court  (*Fairstar Resources, Ltd. v. American International Partners, LLC et al*., Utah Third District Court, Case No. 080916464); and plaintiff Pelican Equity, LLC appears to be operated from California (K. McBride Decl. ¶2, Exhibit 1 at 30-33).  In addition, the FAC alleges that "in early November 2008, Robbins met Brazell for lunch in Salt Lake City, Utah, at Brazell's request" (FAC ¶23); that "in or about November 2008, Brazell moved into an office at AIP's Salt Lake City headquarters" (FAC ¶26); that Mr. Rama, *inter alia*, was an AIP employee (FAC ¶3); that Mr. Norris, *inter alia*, was a consultant to AIP and a member of AIP's investment committee; and that Bryan Cave "performed legal work for AIP" in Utah (FAC ¶¶21,22).   The acts in this case overwhelmingly revolve around the State of Utah[4] while *none* of Mr. McBride's alleged conduct involved the State of New York.  Under this un-rebutted set of facts, there is no articulable nexus

---

[4] Clearly plaintiff could have obtained jurisdiction over all defendants had it chosen to file in the State of Utah.

-13-

between the claims asserted against Mr. McBride and the State of New York that would satisfy the due process requirements of *Hanson v. Denkla*, *Kronisch*, or the New York state court cases cited therein, *Kreutter v. McFadden Oil* and *McGowan v. Smith*.

## CONCLUSION

Darl McBride's motion to dismiss should be granted because plaintiff has failed to present a *prima facie* case for jurisdiction under New York law. Under *Chrysler Capital Corp.* and related cases, jurisdiction based on allegations of conspiracy is only properly exercised when a target defendant *himself* has established *his own* minimum contacts with New York because of (a) awareness of the effects of his own New York activity; (b) an articulated benefit to himself as result of the conspiracy and (c) where he directed the in-state activities of alleged co-conspirators. Only then do minimum contacts exist that justify jurisdiction under New York law. Plaintiff's allegations against Mr. McBride do not meet any prong of this test. Plaintiff has not alleged that Mr. McBride was aware that his activity would have answerable consequences in New York. Plaintiff has not alleged a true benefit to Mr. McBride from the conspiracy. Finally, plaintiff has not alleged that Mr. McBride controlled the New York-based activities of Mr. Brazell or Talos; in fact, plaintiff's allegations of agency flows the opposite direction. By failing to show minimum contacts between Mr. McBride and the State of New York for conspiracy-based jurisdiction under CPLR §302(a)(1) or (2), plaintiff also failed to show any nexus between Mr. McBride and the State of New York for the purposes of due process.

\*   \*   \*

For these reasons, Mr. McBride's motion to dismiss the First Amended Complaint against him should be granted by this Court.

Dated: November 13, 2009
Rolling Hills Estates, CA

MCBRIDE LAW, P.C.

/s/ Kevin P. McBride

KEVIN P. McBRIDE
(*admitted pro hac vice*)
609 Deep Valley Drive Suite 200
Rolling Hills Estates, CA  90274
(310) 265-4427
km@mcbride-law.com

Paul R. Niehaus
NIEHAUS LLP
1359 Broadway, Suite 2001
New York, New York  10018
(212) 631-0223
pniehaus@niehausllp.com

*Attorneys for Defendant
Darl McBride*

## CERTIFICATE OF SERVICE

1.  I am a partner in Niehaus LLP, 1359 Broadway, Suite 2001, New York, New York 10018, local counsel to defendant Darl McBride. I am over 18 years of age and am not a party to his action.

2.  I hereby certify that on the 13th day of November, 2009, I filed the foregoing Reply Memorandum in Support of Darl McBride's Motion to Dismiss for Lack of Personal Jurisdiction via the Southern District of New York's ECF System, which will deliver electronic notice of filing to the following:

Steven Altman
Eric P. Rosenberg
Altman & Company, PC
260 Madison Ave. 22nd Floor
New York, NY 10016

-and-

James E. Nesland
Cooley Godward Kronish, LLP (CO)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
*Attorneys for Plaintiff*

James M. Ringer
Jeanette Renee' Blair
Meister, Seelig & Fein, LLP
Two Grand Central Tower
140 E. 45th St., 19th Floor
New York, NY 10017
*Attorneys for Defendants Talos, Ramachandran, Brazell and Norris*

Gerard E. Harper
Moses Silverman
Samuel Ethan Bonderoff
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
*Attorneys for Defendant Bryan Cave LLP*

Dated: New York, New York
       November 13, 2009

                                    s/ Paul R. Niehaus
                                    _____
                                    Paul R. Niehaus

-16-