**ALTMAN & COMPANY P.C.**
COUNSELORS AT LAW
260 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10016

212-683-7600 · PHONE
212-683-7655 · FAX

June 10, 2010

**BY ECF**

Hon. Naomi Reice Buchwald
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

  Re: <u>Pelican Equity, LLC v. Brazell, et al.</u>, 09 Civ. 5927 (NRB)

Dear Judge Buchwald:

  We represent plaintiff Pelican Equity, LLC ("Pelican"). We make this submission in accordance the Court's May 26, 2010 Order (Docket #48) to address the issues relating to subject matter jurisdiction raised by the Court <u>sua sponte</u> at oral argument on May 20, 2010.

**Background and Introduction**

  Pelican owns all of the intellectual property, business plans, models and other information in and pertaining to the stock lending business of non-party American Institutional Partners LLC ("AIP"), and all rights and claims against defendants Talos Partners, LLC, its principals, and the Bryan Cave law firm, for theft or misappropriation (or similar or related claims) of business plans, models and information and other unlawful conduct, pursuant to a written assignment. (Docket #24: First Amended Complaint ¶ 7) Pelican acquired those rights pursuant to a written assignment dated April 6, 2009. (<u>See</u> id. and Exhibit A: Assignment Agreement) The Complaint alleges various claims emanating from the defendants' theft of the intellectual property that is the subject of the Assignment Agreement.

  At oral argument on May 20, 2010, the Court raised the question of whether the Assignment Agreement "would be properly classified as a voidable preference" thus depriving Pelican of "standing to bring this case." (Exhibit B: Transcript of Proceedings, Docket #49: p.2) The Court explained its concerns as follows:

> Did you [Pelican] get your right to sue here in a proper way?
> Because if this assignment (sic) void as a matter of law you have
> no standing. We have found cases in which assignments of certain
> types of actions contrary to state law, and the courts have found

ALTMAN & COMPANY P.C.

Hon. Naomi Reice Buchwald
June 10, 2010
Page 2

    them to have no standing.

Id. p.7, lines 17-21

    The Court's concern – which Pelican understands to be in effect that the Assignment Agreement constituted either an intentional or constructive fraudulent conveyance under New York law – is misplaced. This Court properly has subject matter jurisdiction over all of Pelican's claims.

    As explained below, the defendants in this case -- unquestionably principal defendants Brazell and Norris, Talos Partners, LLC and Bryan Cave LLP -- are clearly not creditors of AIP and accordingly under controlling Second Circuit precedent do not have standing to even raise the fraudulent conveyance issue. (Point I) Defendants have failed to plead, prove let alone prove, that the Assignment Agreement was either an intentional or constructive fraudulent conveyance. Indeed, they cannot. Pelican is not and never was a creditor of AIP. The transfer of AIP's intellectual property to it pursuant to the Assignment Agreement was for new value provided by a Pelican affiliate, completely unrelated to AIP. These issues are by their very nature factual matters which are highly unlikely to be resolved on motion even if the defendants had standing to assert and had properly pled them. (Point II)

**I. Defendants Lack Standing To Raise Any Issue of Alleged Fraudulent Conveyance**

    Defendants Brazell, Norris, Talos Partners, LLC and Bryan Cave LLP are clearly not creditors of AIP, and accordingly have no standing to seek to set aside the Assignment Agreement based on any would-be fraudulent conveyance claim.

    Fraudulent conveyance claims under New York law are governed by the New York UFCA, N.Y. Debt. & Cred. Law §§ 270-81. "The UFCA is a set of legal rather than equitable doctrines, whose purpose is not to provide equal distribution of a debtor's estate among creditors, but to aid specific creditors who have been defrauded by the transfer of a debtor's property.'"A.J. Heel Stone, L.L.C. v. Evisu Int'l, S.R.L., 2006 U.S. Dist. LEXIS 34152, 03 Civ. 1097 (DAB), 2006 WL 1458292, at *3 (S.D.N.Y. May 25, 2006) (quoting HBE Leasing Corp. v. Frank, 48 F.3d 623, 634 (2d Cir. 1995)). In order to bring a cause of action for fraudulent conveyance, the plaintiff must be a creditor of the transferor of the alleged fraudulent conveyance. See N.Y. Debt. & Cred. Law §§ 270-81.

    As the Second Circuit Court of Appeals recently explained in Eberhard v. Marcu, 530 F.3d 122 (2d Cir. 2008):

> It is well settled that in order to set aside a fraudulent conveyance, one must be a creditor of the transferor; those who are

## ALTMAN & COMPANY P.C.

Hon. Naomi Reice Buchwald
June 10, 2010
Page 3

> not injured by the transfer lack standing to challenge it. N.Y. Debtor & Creditor Law § 276 makes this requirement explicit: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law § 276 (emphasis added). The conveyance is not void per se, but voidable by creditors of the transferor.
>
> This proposition is hardly novel -- section 276 is a direct descendant of the Statute of Elizabeth, enacted by Parliament in 1570. 4  See Hearn 45 St. Corp. v. Jano, 283 N.Y. 139, 142, 27 N.E.2d 814 (1940). The Statute of Elizabeth was passed "to aid the creditor in his pursuit of legal assets." Garrard Glenn, The Law of Fraudulent Conveyances § 5, at 8 (1996). Thus, only those who "are, shall or might be in anywise disturbed, hindered, delayed or defrauded" by the fraudulent conveyance were permitted to set it aside. Id. app. at 588 (quoting Statute of Fraudulent Conveyances, 1570, 13 Eliz., c. 5, § 2 (Eng.)).
>
> \*       \*       \*
>
> In keeping with centuries of common law and statutory tradition, state and federal courts construing section 276 have continued to allow only creditors to set aside fraudulent transactions. Non-creditors can find no relief in a statute whose "object . . . is to enable a creditor to obtain his due despite efforts on the part of a debtor to elude payment." Hearn 45 St. Corp., 283 N.Y. at 142. "[E]ven if a transfer is made with actual intent to defraud creditors, one must be a creditor in order to complain." 6 Martes v. Uslife Corp., 927 F. Supp. 146, 148 (S.D.N.Y. 1996); see also Lazar v. Libby, 28 Misc. 2d 131, 132, 219 N.Y.S.2d 362 (N.Y. Sup. Ct. Nassau County 1960) (plaintiff whose debt was paid no longer had "the status of a creditor [and] [t]o maintain an action under section 276 of the Debtor and Creditor Law . . ., the plaintiff must have such status").

530 F.3d at 129, 130-31. Accord KB Dissolution Corp. v. Great American Opportunities, Inc., 2010 U.S. Dist. LEXIS 22322 (S.D.N.Y. Mar. 26, 2010) (Kaplan, J.) (dismissing fraudulent conveyance claims for lack of creditor "standing" and failure to allege actual intent to deceive creditors with particularity).

Clearly then defendants Brazell, Norris, Talos Partners, LLC and Bryan Cave

## ALTMAN & COMPANY P.C.

Hon. Naomi Reice Buchwald
June 10, 2010
Page 4

LLP have no standing to even raise the claim of a possible voidable preference. Defendants McBride and Ramachandran fair no better. The claim by counsel for defendant McBride at oral argument on May 20, that his client is "certainly" a "creditor() of the AIP bankruptcy" (Exh. B: Tr. at 12, lines 15-16), is belied by the audio record of the July 2, 2009 AIP 341 hearing.[1] At that hearing, the Trustee asked defendant McBride if he was a creditor of AIP. McBride responded that he had loaned money to Alison and Mark Robbins and that he wondered if possibly some of that money made its way to AIP, and that he believed he should, on that basis, be listed as an AIP creditor. The Trustee then instructed Mr. McBride to file a Proof of Claim in that capacity if he believed he was an AIP creditor. No such Proof of Claim was filed.

Nor can individual defendant Ramachandran properly assert a fraudulent conveyance defense to defeat Pelican's bona fide claims. That he might be a might be a very minor creditor of AIP – though he like defendant McBride did not file a Proof of Claim in the AIP bankruptcy – does not compel a different result. If defendant Ramachandran does come forward with proof in admissible form that he is a creditor of AIP, Pelican could of course dismiss him and end the inquiry entirely.

II.     **The Assignment Agreement is Not a Voidable Preference**

Even if one or more of the defendants had standing (as shown, none do), there is no record before the Court on which any finding that the Assignment Agreement is voidable could be based.

In order to state a claim for fraudulent conveyance under New York Debtor and Creditor Law §§ 273, 274, 275, a plaintiff must allege that there is a conveyance without fair consideration and that (1) the transferor is insolvent at the time of the conveyance or will be rendered insolvent by the transfer in question (§ 273); or (2) as a result of the transfer in question, the transferor is left with unreasonably small capital to conduct its business (§ 274); or (3) as a result of the transfer in question, the transferor intends or believes that it will incur debt beyond its ability to pay (§ 275). N.Y. Debt. & Cred. Law §§ 273-75.

Claims of alleged intentional fraudulent conveyance – as has been suggested though not pled yet here – requires pleading with specificity in accordance with Fed. R. Civ. Pro. 9(b), and proof by clear and convincing evidence of actual intent to defraud on the part of the transferor. See In re Sharp Int'l Corp., 403 F.3d 43, 55 (2d Cir. 2005); In re Actrade Financial Technologies Ltd., 337 B.R. 791, 801 (S.D.N.Y. Bankr. 2005). Since such claims by their very nature involve the issue of fraudulent intent, they ordinarily:

"cannot be resolved on a motion for summary judgment, being a

---

[1]     Pelican will provide the Court with a copy of that audio tape under separate cover.

## ALTMAN & COMPANY P.C.

Hon. Naomi Reice Buchwald
June 10, 2010
Page 5

> factual question involving the parties' state of mind." Golden Budha Corp. v. Canadian Land Co. of America, 931 F.2d 196, 201-202 (2d Cir. 1991); see also State of New York v. N. Storonske Cooperage Co., Inc., 174 B.R. 366, 390 (N.D.N.Y. 1994).

In re MarketXT Holdings Corp., 376 B.R. 390, 401 (S.D.N.Y. Bank. 2007).

Claims of constructive fraudulent conveyance require pleading and proof (though only by a preponderance of the evidence) of a lack of "fair consideration" and "good faith." See In re Sharp Int'l Corp., 403 F.3d at 53-54; In re MarketXT Holdings Corp., 376 B.R. 390 at 402. The Second Circuit in Sharp explained these principles as follows:

> The decisive principle in this case is that a mere preference between creditors does not constitute bad faith:
>
>> Even the preferential repayment of pre-existing debts to some creditors does not constitute a fraudulent conveyance, whether or not it prejudices other creditors, because "the basic object of fraudulent conveyance law is to see that the debtor uses his limited assets to satisfy some of his creditors; it normally does not try to choose among them."
>
> HBE Leasing I, 48 F.3d at 634 (quoting Boston Trading Group, Inc. v. Burnazos, 835 F.2d 1504, 1509 (1st Cir. 1987)). Nor does it matter that the preferred creditor knows that the debtor is insolvent:
>
>> [A] conveyance which satisfies an antecedent debt made while the debtor is insolvent is neither fraudulent nor otherwise improper, even if its effect is to prefer one creditor over another. It is of no significance that the transferee has knowledge of such insolvency. Nor is the transfer subject to attack by reason of knowledge on the part of the transferee that the transferor is preferring him to other creditors, even by virtue of a secret agreement to that effect.
>
> Ultramar Energy Ltd. v. Chase Manhattan Bank, N.A., 191 A.D.2d

ALTMAN & COMPANY P.C.

Hon. Naomi Reice Buchwald
June 10, 2010
Page 6

86, 90-91, 599 N.Y.S.2d 816 (1st Dep't 1993)

In re Sharp Int'l Corp., 403 F.3d at 54-55.

   Constructive fraudulent conveyance claims, like intentional claims, involve factual considerations and determinations that make them unlikely to be determined finally on motion:

> under New York law, the recipient of the debtor's property provides fair consideration by either conveying property or discharging an antecedent debt, provided that such exchange is a "fair equivalent" of the property received or discharged. Sharp, 403 F.3d at 53 n.3. Whether fair consideration has been given in any circumstance is fact-driven, and not subject to any mathematical formula. McCombs, 30 F.3d at 326.

In re Actrade, 337 B.R. at 803.

   That the Assignment Agreement was allegedly an intentional fraudulent conveyance has not been plead with specificity. Indeed, it has not been pled at all. No pleading asserts in any way that the Assignment Agreement lacks fair value or that Pelican acquired the rights in it in bad faith. The fact, evident on the face of the Assignment Agreement itself, is that it was the result of a legitimate and perfectly legal and appropriate business transaction with a third party, which had and has no affiliation with AIP. Pelican was most certainly at arm's length from the transferor in connection with the negotiation and execution of the Assignment Agreement. In no pleading has any party even alleged that Pelican lacked good faith or that its purchase of the intellectual property referenced in it was not for fair value.

   All of these issues in any event involve factual determinations that, even if they had been pled as required (with specificity or even generally), discovery taken with respect to them and a motion made, would likely not form the basis of any finding that would prevent Pelican's prosecution of its claims in this action. See In re Actrade, 337 B.R. at 804 (mere allegation that transaction was fraudulent and transferor received nothing insufficient to support claim of fraudulent conveyance).[2]

---

[2]  Two issues raised by defendants' counsel at the May 20 argument, while extraneous, require a short response. First, the statement by counsel for the Talos Defendants that Paul Benson testified at the AIP 341 hearing that the undersigned pulled him off the golf course mis-states the testimony. Mr. Benson said no such thing. Second, as we informed the Court at oral argument, this firm did not represent Alison Robbins in the AIP bankruptcy or at any time and so informed counsel in the bankruptcy. See, e.g., Exhibit C: November 9, 2009

ALTMAN & COMPANY P.C.

Hon. Naomi Reice Buchwald
June 10, 2010
Page 7

## CONCLUSION

For all of these reasons, Pelican respectfully ask that it be permitted to continue the prosecution of the claims alleged in its First Amended Complaint forthwith.

Respectfully submitted,

*Steven Altman*

cc: Moses Silverman, Esq.
James M. Ringer, Esq.
Kevin P. McBride, Esq.

**All By ecf and email w/ encls.**

---

Letter from Steven Altman, Esq. to Kirton & McConkie)